**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

RICKY GARRETT,

           Plaintiff,

v.

CITY OF ST. CLAIR SHORES; CITY OF
ST. CLAIR SHORES POLICE OFFICER,
SERGEANT DAVID CHAVIS; CITY OF ST.
CLAIR SHORES POLICE OFFICER,
DETECTIVE THOMAS HANNON;
JEFFREY WALLACE; and SPECIAL
AGENT MICHAEL SURATT;

           Defendants.
_____/

Case Number: 08-14081

HON. MARIANNE O. BATTANI

## ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTIONS TO STRIKE AND GRANTING DEFENDANTS' MOTIONS FOR SUMMARY JUDGMENT

This matter is before the Court on (1) Defendants City of St. Clair Shores', Sergeant David Chavis's, Detective Thomas Hannon's, and Jeffrey Wallace's (collectively "St. Clair Shores Defendants") Motion for Summary Judgment (doc. 33); (2) Defendant Special Agent Michael Suratt's Motion for Summary Judgment (doc. 35); (3) St. Clair Shores Defendants' Motion to Strike Plaintiff's Expert Witnesses (doc. 48); and (4) Defendant Suratt's Motion to Strike Plaintiff's Expert Witnesses (doc. 50).

For the reasons stated on the record at a hearing held on June 10, 2010, the Court **GRANTS IN PART AND DENIES IN PART** Defendants' Motions to Strike Plaintiff's Expert Witnesses. (Docs. 48, 50).

In addition, as more fully stated on the record at the hearing, the Court **GRANTS** Defendants' Motions for Summary Judgment (docs. 33, 35) for the following reasons. The Court finds that the doctrine of collateral estoppel bars Garret from re-litigating the issues surrounding the existence of probable cause and the voluntariness of his confession to Suratt. As to Garrett's confession to Chavis and Hannon, the Court finds that the confession was voluntary and that the Defendants are entitled to qualified immunity. Although Garrett alleged that Chavis somehow got an eyewitness to change his account of the incident to implicate Garrett, there is not sufficient evidence upon which a jury could conclude that Chavis was the cause of the alleged change in the eyewitness's account. Finally, as to the allegations against Wallace, there is nothing to indicate that the evidence Wallace allegedly fabricated was ever used against Garrett, and thus it did not infringe Garrett's rights.

**IT IS SO ORDERED.**

s/Marianne O. Battani
MARIANNE O. BATTANI
UNITED STATES DISTRICT JUDGE

Dated: June 16, 2010

## CERTIFICATE OF SERVICE

Copies of this Order were served upon counsel of record on this date by ordinary mail and electronic filing.

s/Bernadette M. Thebolt
Case Manager